IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Ortagus D. Bennett, | ) | Case No. 6:23-cv-04234-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| State Farm Fire and Casualty Company, | ) | |
| Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Defendant's motion to dismiss and for monetary sanctions. ECF No. 128. This matter was referred to Magistrate Judge Kevin F. McDonald for pretrial proceedings and a Report and Recommendation ("Report").[1] On January 20, 2026, the Magistrate Judge recommended that the motion be granted with respect to dismissal and denied with respect to monetary sanctions. ECF No. 176. Various filings by Plaintiff and his newly retained counsel have been filed in response to the Report, which will be addressed below; Defendant has filed replies. ECF Nos. 178, 180, 192, 193, 194, 195. ECF No. 32. Accordingly, the motion is ready for review.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final

---

[1] As discussed in the Report, this action has not been referred to the Magistrate Judge for its entirety as there have been times that Plaintiff has been represented by counsel and times that he has been proceeding pro se.

determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## **ANALYSIS**

As an initial matter, the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law up until the time of the Report, which the Court incorporates by reference. Picking up at the time the Report was filed, Plaintiff was proceeding pro se. He filed pro se objections on January 29, 2026. ECF No. 178. On February 2, 2026, new counsel made an appearance on behalf of Plaintiff. ECF No. 179. On February 3, 2026, Defendant filed a reply to the objections. ECF No. 180. Plaintiff's counsel requested and received an extension of time in which to file objections to the Report. ECF Nos. 185, 187. Objections were due by February 20, 2026. ECF No. 187. On February 10, 2026, counsel moved to withdraw. ECF No. 188. The undersigned denied the motion to withdraw with leave to refile for failure to comply with the Local Civil Rules (D.S.C.). The Court further directed counsel "to file objections on behalf of Plaintiff

2

by February 20, 2026. In light of counsel's statement that irreconcilable differences have arisen between himself and Plaintiff, he is directed to consult with his client and include an attachment with any objections that Plaintiff requires to be included. At that point, all of Plaintiff's objections shall have been raised to the Court." ECF No. 189.  Plaintiff filed letters pro se on February 18 and 20, 2026.  ECF Nos. 192, 193.  Counsel filed objections on February 20, 2026.  ECF No. 194.  Defendant filed a reply on February 25, 2026.

At the end of counsel's portion of Plaintiff's objections, he requested that Plaintiff be given five days to comply with the prior orders regarding production of a cellular device. ECF No. 194.  Out of an abundance of caution, and because dismissal is a drastic sanction to be imposed, the Court entered the following text order on March 5, 2026:

> As requested by Plaintiff's attorney in the objections, the Court directs Plaintiff to produce to Defendant any and all cellular devices and any other materials responsive to Defendant's discovery requests that are within his possession, custody, or control by 5:00pm on Monday, March 9, 2026. Plaintiff's counsel is directed to facilitate the production. The Court has reviewed Plaintiff's conditions under which he states he will produce his cellular devices and materials; the requested documents and/or cellular devices will be produced without precondition. Plaintiff's and Defendants counsel will agree as to methodology with respect to examination of the cellular device's contents. Failure to comply with this order may result in adoption of the Report and Recommendation, dismissal under Federal Rule of Civil Procedure 41(b) for failure to comply with an order of the Court, or both. Plaintiff's counsel is directed to inform the Court whether Plaintiff has complied with this order by 10:00am on March 10, 2026.

3

ECF No. 196.  Thereafter, Plaintiff brought documents to the courthouse for filing that were not submitted by his counsel.  The Court declined to file them and entered the following text order:

> Plaintiff, despite being represented by counsel, has been bringing documents to the courthouse for filing. The Court has attempted to be generous by filing them as letters in light of the recently denied motion to withdraw as counsel. However, Plaintiff appears to now seek an extension of time in which to comply with the Court's clear directive entered March 5, 2026, and to further impose conditions under which he is will to comply with the Court's directive. Such requests will not be considered while Plaintiff is represented by counsel. Accordingly, the letter will not be filed. Plaintiff may consult with his attorney regarding requests to be put before this Court. Further letters submitted by Plaintiff for filing while he is represented by counsel will not be filed and will be returned to counsel.

ECF No. 197.  Within his documents, Plaintiff stated that he was willing to comply with the Court's order, subject to conditions he believed were appropriate, but that he was going on vacation and could not comply by the deadline imposed by the Court.  On March 10, 2026, Plaintiff's counsel filed a reply to the Court's March 5, 2026, text order in which he stated that he informed Plaintiff of his responsibility to comply with the Court's directive. ECF No. 198.  Counsel further stated that Plaintiff indicated he would not timely comply with the Court's order but would comply at a later date.  *Id.*  A few minutes after counsel's reply, Defendant filed a status report, which included the affidavit of John Akerman.  ECF No. 199.  Mr. Akerman averred that he received a package on March 9, 2026, with the same five phones that had previously been produced and that he had already forensically analyzed.  ECF No. 199-1.  The cellular device at issue was not included.  The Court will

4

first address the Magistrate Judge's Report and then dismissal under Federal Rule of Civil Procedure 41(b).

### *Report and Recommendation*

As stated above, the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law up until the time the Report was filed, which the Court incorporates by reference.  The Magistrate Judge recommends that the motion to dismiss be granted and the motion for monetary sanctions be denied.  ECF No. 176.  With respect to the recommendation that the motion to dismiss be granted, Plaintiff filed objections; accordingly, the Court's review has been de novo.  With respect to the recommendation that the motion for monetary sanctions be denied, no party filed objections.  Upon review for clear error, the Court adopts this portion of the Report.

Turning to the motion to dismiss, as explained in more detail by the Magistrate Judge, Federal Rule of Civil Procedure 37(b)(2)(A) allows for the imposition of sanctions for failure to obey an order to provide or permit discovery, including dismissal of the action. The following factors are to be considered:

> (1) whether the non-complying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

*Mut. Fed. Sav. and Loan Ass'n v. Richards & Assocs. Inc.*, 872 F.2d 88, 92 (4th Cir. 1989).

Upon review, the Court agrees with the Magistrate Judge that Plaintiff has shown a pattern of disrespect for the Court, opposing counsel, and the entire judicial process.  It

is clear that Plaintiff possesses the phone at issue, or did at one time; however, he has refused time and time again to produce it.  It appears to this Court that Plaintiff has repeatedly acted in bad faith.  As to the amount of prejudice caused by his actions, he has prejudiced Defendant's ability to investigate this case and adequately prepare for any dispositive motions or trial.  Further, the need to deter this type of behavior is high.  Finally, with respect to other less drastic sanctions that could be imposed, Plaintiff's repeated disregard for court orders indicate that less drastic sanctions would be insufficient.

The Court further notes that Plaintiff is exclusively at fault for his noncompliance. He has been proceeding pro se for much of this litigation; thus, the buck stops with him. Further, at least on occasion, when he has had counsel, such as now, he has ignored competent advice.   Accordingly,   the   Court   adopts   the   Magistrate   Judge's recommendation that this action be dismissed with prejudice pursuant to Rule 37.

### *Rule 41 Dismissal*

The Court warned Plaintiff in its March 5, 2026, text order that this action would be subject to dismissal pursuant to Rule 41(b) for failure to comply with an order of the Court if he failed to turn over the device within the time allotted.  He has failed to do as directed.

It is well established that a court has the authority to dismiss a case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or failure to comply with orders of the court.  *See, e.g., Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962)).  "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to

6

manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31.  In addition to its inherent authority, a court may also *sua sponte* dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b).  *Attkisson*, 925 F.3d at 625.  In considering whether to dismiss an action pursuant to Rule 41(b), the court should consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the [plaintiff's history of] proceeding in a dilatory fashion; and,
>
> (4) the effectiveness of sanctions less drastic than dismissal.

*Davis*, 588 F.2d at 70 (quoting *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)) (internal quotation marks omitted).  These four factors "'are not a rigid four-pronged test'" and whether to dismiss depends on the particular circumstances of the case.  *Attkisson*, 925 F.3d at 625 (quoting *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)).  For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order" was an important factor supporting dismissal. *See Ballard*, 882 F.2d at 95–96.

These factors are considered above; the Court reiterates here that they support dismissal.  Further, the circumstances of this case and Plaintiff's continued disregard for the judicial process favor dismissal.  Accordingly, this action is dismissed with prejudice for failure to comply with an order of the Court.

## **CONCLUSION**

Therefore, the Court adopts the recommendation of the Magistrate Judge. Defendant's motion to dismiss [128] is **GRANTED**.  This action is dismissed with prejudice pursuant to Rule 37.  The request for monetary sanctions is **DENIED**.  Additionally, this action is **DISMISSED** with prejudice for failure to comply with an order of the Court pursuant to Rule 41(b).

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

March 11, 2026
Spartanburg, South Carolina

8